ORIGINAL

FILED
NOV 2 6 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

HITT CONTRACTING, INC.,

Plaintiff

v.

No. 07-823 C

THE UNITED STATES
THE ARCHITECT OF THE CAPITOL

Defendant

**COMPLAINT**

Plaintiff, Hitt Contracting, Inc. ("Hitt"), through its undersigned counsel, states the following as its complaint against the United States appealing a decision of the General Accounting Office Board of Contract Appeals ("the Board") related to the contract between Hitt and the Architect of the Capitol ("AOC") for the construction project known as The West Refrigeration Plant Expansion ("Project"):

**Parties and Jurisdiction**

1. Hitt is a corporation organized under the laws of Virigina, with its principal place of business located in Fairfax, VA.

2. The Architect of the Capitol is an agency of the United States.

3. The court has jurisdiction over this case pursuant to the Wunderlich Act, 41 USC §321 *et seq.* Because the Board's decision was based purely on legal conclusions and not findings of fact, it is not binding on this court. 41 USC §322.

**Factual Background**

4. On March 24, 2003, AOC awarded the West Refrigeration Plant Expansion project to Hitt.

**Factual Background**

4. On March 24, 2003, AOC awarded the West Refrigeration Plant Expansion project to Hitt.

5. Pursuant to Hitt's contract with AOC, trucks entering or leaving the project site were subject to inspection. The contract provided that:

> All vehicles, and contents, used by the Contractor or his subcontractors, which enter or leave United States Government property during performance of the work, will be subject to clearance, inspection and identification procedures conducted by the United States Capitol Police. Instructions and map(s) will be provided to the contractor upon award. (Article 3.5 of the Supplementary Conditions)

---

> Clearance: Special arrangements for deliveries shall be arranged a minimum of 48 hours in advance of arrival to permit inspection by the United States Capitol Police. ~~The Police inspection station is on P Street and South Capitol Street S.E.~~
> **Coordinate deliveries with the US Capital (sic) Police by contacting them at 202-224-0908 (emphasis in original).**
> Article 1.6 of the Conditions to the contract

6. Article 1.4 to the conditions of the contract also advised Hitt of the manner in which it was to access the site:

> Site access for the Contractor shall primarily occur from Virginia Avenue with limited use of the service entrance from E Street. All access shall be through guarded gates and allowed only to secure personnel.

7. By subcontract dated May 15, 2003, Hitt hired The Anderson Company, LLC "(Anderson") to perform earthwork and demolition on the project.

8. Anderson's scope of work required it to remove large quantities of soil material from the project. This material was removed by dump truck.

9. Anderson and Hitt reasonably believed the security inspections for vehicles entering the project would take place at the entrance to the site

10. Anderson commenced performance of its subcontract work on or about May 22, 2003.

11. From May 22, 2003 until approximately June 12, 2003, the vehicle security inspections required by Hitt's general contract took place at the guarded security station at the entrance to the project along Virginia Avenue as indicated by Article 1.4.

12. On or about June 13, 2003, the inspection requirements changed. On that day, The United States Capitol Police directed Anderson to send all vehicles entering the project site to the Capitol Police inspection station for the Capitol Visitor Center project located at 3rd St. and Constitution Avenue NW.

13. The new inspection station was located several blocks from the entrance to the West Refrigeration project.

14. After being inspected, each truck was provided with a placard showing the time of inspection. The truck then had 15 minutes to report to the project site. If it took the truck more than 15 minutes to get to the project entrance, it would have to return to the inspection station.

15. Because Anderson was hauling the material to dump sites located in southern Maryland, the change in inspection location required Anderson's truckers to take a substantially different less direct and longer route to the project site.

16. As a result, the time required to dispose of each load of material increased.

17. Because Anderson paid the trucks by the hour, its direct costs increased as well.

18. On June 13, 2003, Anderson notified Hitt that the change in inspection location constituted a change to its subcontract.

19. Hitt notified AOC of the claim.

20. The basis for the claim was that the only reasonable interpretation of the contract was that security inspections would take place at the entrance to the project. Although the contract did not explicitly designate the inspection location, the point of access on Virginia Avenue was specified, and a security inspection anywhere other than the entrance to the project would serve no purpose.

21. On April 11, 2005 AOC issued its contracting officer's final decision denying the claim for increased trucking costs due to the change in inspection location.

22. Hitt appealed the decision to The General Accounting Office Board of Contract Appeals.

**<u>The Board's Decision</u>**

23. By decision dated May 30, 2007, The Board granted summary judgment in favor of AOC against Hitt.

24. The basis of the decision was that "the solicitation and resulting contract could not afford Hitt any basis for assuming that the vehicle security inspections provided for under the solicitation and resulting contract would only occur at the project site," and that therefore "there [was] no basis for finding that AOC changed the contract so as to entitle Hitt to an equitable adjustment."

25. The Board's interpretation of the contract is wrong. A reasonable person would conclude from the contract language that security inspections were to be conducted at the entrance to the project, not many blocks away.

WHEREFORE Plaintiff Hitt Contracting, Inc. respectfully requests that the Court issue a ruling that the use of off-site inspection facilities was a change to the contract and remand the case to the General Accounting Office Contract Appeals Board for a hearing on damages or in the alternative, conduct a damages hearing before this Court and award damages of $185,454.52, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Gina L. Schaecher, Esquire
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
Telephone: 703-893-3914
Facsimile: 703-893-6944