IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HITT CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 07-823 C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SPECIAL PROCEDURES

Defendant respectfully requests that the Court enter an order setting special procedures in this matter. Defendant's counsel communicated with plaintiff's counsel generally about the proposed schedule below, but counsel were unable to confer on the specifics of the motion before defendant's counsel's filing, so defendant's counsel is unsure whether plaintiff opposes or consents to this motion. Defendant's counsel will be on previously scheduled annual leave from February 22, 2008, until February 27, 2008, but will be available thereafter to discuss procedures, if need be.

Special procedures are appropriate here because plaintiff appeals to this Court from a decision of the Government Accountability Office Contract Appeals Board pursuant to standards set forth in the Wunderlich Act, codified at 41 U.S.C. § 321-22. The Wunderlich Act essentially dictates a two-stage appellate review process for board decisions falling outside the scope of the Contract Disputes Act ("CDA"),[1] with the first stage in this Court and the next in the Court of Appeals for the Federal Circuit. See Granite Const. Co. v. United States, 962 F.2d 998, 1000-01

[1] Such is the case here. The contracting agency, the Architect of the Capitol, is not an executive agency and therefore not subject to the CDA. See 41 U.S.C. § 602(a).

(Fed. Cir. 1992). In particular, the Wunderlich Act provides:

> No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: Provided, however, That any such decision shall be final and conclusive unless the same is fradulent [sic] or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.

41 U.S.C. § 321. The Act also provides that "[n]o Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board." 43 U.S.C. § 322. Here, the contract contains a disputes clause providing for an appeal to the "head of the agency or his duly authorized representative for the determination of such appeals . . ." See Attachment A. That duly authorized representative was the GAO Contract Appeals Board. Because the Wunderlich Act provides that judicial review of the board's decision cannot be foreclosed, this Court is an appropriate forum for the review of the board's decision.

Because this Court applies an appellate standard of review under the Wunderlich Act, the case management procedures specified in Appendix A to the Court's rules are inapposite. Instead, a simplified briefing procedure is more appropriate. See, e.g., MPE Business Forms, Inc. v. United States, 44 Fed. Cl. 421, 422-23 (1999) (judgment in Wunderlich Act case entered following cross motions for summary judgment); Fry Communications, Inc. v. United States, 22 Cl. Ct. 497, 503 (1991) (same). Accordingly, the parties propose the following procedures. Defendant will not file a response to the complaint. Instead, plaintiff will file a motion for

summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims by March 26, 2008. Defendant will file a cross-motion for summary judgment and response to plaintiff's motion by April 30, 2008. Plaintiff will file a response to defendant's cross-motion and reply to defendant's response by May 21, 2008. Defendant will file a reply to plaintiff's response by June 11, 2008.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 305-7573
Fax: (202) 514-8624

February 22, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of February, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR SPECIAL PROCEDURES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Sean B. McNamara