THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

September 5, 2003 EXHIBIT 3

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current method of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our first claim for all loads of material removed from the job site to date. As of August 31, 2003, TAC has hauled off 892 loads of material. Based on an additional 30 minutes per truck load to have the trucks report to the offsite inspection station, this equates to an additional 446 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspections through the month of August is $28,990.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ARCHITECT OF THE CAPITOL
1793

October 19, 2003 EXHIBIT 4

Mr. David Michaelson
Sr. Vice President
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

Washington, DC 20515

- VIA FACSIMILE and U.S. MAIL*

Reference: WEST REFRIGERATION PLANT EXPANSION PROJECT
PROGRESS ISSUES.

Dear Sir:

**ANDERSON TRUCK INSPECTION CLAIM:**
I make reference to the letter from The Anderson Company, L.L.C. to Hitt Contracting dated October 14, 2003. Please be advised that the owner totally rejects any responsibility for this claim based on a total lack of merit. I also note that in our joint (Hitt, Anderson, AOC) meeting several weeks ago, Anderson agreed to provide specific information "the next day", that was not provided.

**EXCAVATION PROGRESS:**
The oversight of our CM coupled with our own observations indicates that your excavation and trucking contractor is making insufficient progress, productivity appears to be lacking and there seems to be an insufficient number of trucks assigned to this project. In light of our significant financial commitment to this project and the criticality of the schedule, I must insist that the appropriate corrective actions be taken immediately.

**DISPOSAL OF CONTAMINATED SOIL:**
Please be aware that remains a very serious open issue between us. We continue to gather data, disposal quotes and information that leads us to believe that the pricing structure requires additional discussion and agreement. In the unlikely event that we are unable to agree on a final pricing arrangement, we are prepared to issue a unilateral contract modification.

Sincerely,

Michael J. Keegan
Director Utilities & Power
Architect of the Capitol

100

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

March 9, 2004

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads material removed from the job site through March 3, 2004. Per my last updated summary, which covered all material removed from the site through December 31, 2003, the total claim value was $116,902.5. From December 31 through March 3, 2004, TAC has removed an additional 1126 loads of material. This equates to an additional 563 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from December 31 through March 3 is $36,595.00. This value added to the previous value of $116,902.50 brings the total claim to date to **$153,497.50**. Based on this information and the estimated volumes of material to be hauled off and borrowed on to the project, TAC estimates the total claim to be in excess of $350,000.00. This amount also includes the additional equipment time, manpower, and extended overhead associated with the production loss. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.
: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

EXHIBIT C

102

HITT

April 29, 2004

Via Certified Mail to Mr. Alan Hantman & hand delivered to Mr. Michael Keegan

The Honorable Alan M. Hantman
Architect of the Capitol
U.S. Capitol
Washington, D.C. 20515

RECEIVED
2004 MAY -7 A 10: 59
ARCHITECT OF THE CAPITOL
GENERAL COUNSEL OFFICE

RE: U.S. Capitol Power Plant
West Refrigeration Plant Expansion
AOC Contract No. 0300012
"Off-site" Security Inspection Claim

Dear Mr. Hantman:

HITT Contracting, Inc.'s claim for an equitable adjustment for the additional costs caused by the directive for "off-site" (as opposed to "at the site") security inspections has not been and apparently is not going to be resolved by mutual agreement.[1] Hence, pursuant to Article 12 of the General Conditions, HITT hereby requests a Contracting Officer's final decision regarding the dispute.

Enclosed herewith as Exhibit B is the March 1, 2004 Request for Contracting Officer's Final Decision from The Anderson Company L.L.C. ("Anderson"), our excavation/trucking subcontractor. It sets forth the basis for the claim that the off-site inspection procedures constitute a change to the contract. HITT adopts that position and is passing it through for a contracting officer's final decision.[2]

The costs at issue are continuing to accrue on a daily basis. As set forth on Exhibit C, the total is expected to exceed $350,000. HITT continues to reserve its rights with regard to the impacts associated with this change.

---

[1] Enclosed herewith as Exhibit A is a copy of the February 15, 2004 letter from Michael Keegan which sets forth his position that there is no merit in the claim.
[2] Contrary to the assertions set forth in Mr. Keegan's correspondence, HITT personnel have not said that there is no merit in this position.

HITT

U.S. Capitol Power Plant
West Refrigeration Plant Expansion
"Off-site" Security Inspection claim
Page 2 of 2

If you need any addition information, please do not hesitate to contact me.

Very truly yours,

David R. Michaelson

David R. Michaelson
Senior Vice President

Enclosures

cc. Michael J. Keegan (w/enclosures) (Via Hand Delivery)
Mike Mologne (w/enclosures) (Via Hand Delivery)
Stuart Himelfarb (w/enclosures) (Via U.S. Mail)
Brett Hitt (w/enclosures) (Via Hand Delivery)

THE ARCHITECT OF THE CAPITOL
1793

February 15, 2004

Washington, DC 20515

Steve Schoenefeldt
Hitt Contracting, Inc.
2755 Dorr Avenue
Fairfax, VA 22032

Re: *"Anderson Company Claim to Hitt Contracting – Truck Inspections*

Dear Mr. Schoenefeldt:

As requested verbally by yourself and previously addressed in my letter of December 21, 2003. The owner and construction manager once again reaffirm that we find no merit in the contention by the Anderson Company that U.S. Capitol Police truck inspection procedures have caused them time delays and excess costs.

Additionally, as you are aware, Mr. Michaelson, Mr. Seeman and yourself have all expressed to us that you agree with the owner's position that this issue has no merit.

In that we have no contractual relationship with the Anderson Company, this letter is provided as a courtesy to Hitt Contracting, Inc.

Sincerely,

Michael J. Keegan
Contracting Officer's Representative
West Refrigeration Plant Expansion Project
Architect of the Capitol

ECEIVED
FEB 18 2004
BY: DK

EXHIBIT A

105

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

March 1, 2004

Mr. Stephen Schoenefeldt
Hitt Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

Re: West Refrigeration Plant Expansion Project
Security Inspection Request for Contracting Officers Final Decision

Gentlemen:

The purpose of this letter is to request a formal decision from the Contracting Officer in connection with the situation relating to the truck inspection cost on the above-referenced project and to request a Contracting Officers Final Decision. Although this matter has been the subject of considerable correspondence, we wanted to review the issue fully in requesting a decision prior to any denial/and resubmittal as a claim

Specification Section 01110, paragraph 1.3 (B) defines the contractor area of work. It essentially limits the area of work to the specific site shown on the contract drawings. Moreover, Section 1.4(B) gives the contractor specific direction as to how the site will be accessed:

> B. Site access for the Contractor shall primarily occur from Virginia Avenue with limited use of the service entrance from E Street. All Access shall be through guarded gates and allowed only to secured Personnel.

The Supplementary Conditions, paragraph 3.5 states as follows:

> All vehicles, and contents, used by the Contractor or subcontractors, which enter or leave United States government property during performance of the work, will be subject to clearance, inspection and identification procedures conducted by the United States Capitol Police. Instructions and map(s) will be provided to the Contractor upon award.

A review of Section 3.5 could only leave the bidder to understand that inspection would be conducted when the contractor "enters or leaves" government property.

PHONE:(703) 393-4000
FAX: (703) 393-4010



EXHIBIT B

Nothing in the bid documents indicated that inspections would be conducted at remote locations. To the contrary, Specification Section 0110, paragraph 1.4(B) quoted above, indicates that access will occur only in specific locations of the site through "guarded gates". It was a more than reasonable assumption that inspection would be conducted at the site.

As you know, this did not occur. Rather, the government desired to have inspections performed at another site which was many blocks from the project. Having these off-site inspections added a minimum of thirty minutes of truck time that obviously greatly increases Anderson's hauling costs. Accordingly, by letter dated June 13, 2003, (Exhibit 1) Anderson put Hitt on notice of this situation. Anderson was directed to continue to proceed with the disposal operations, and therefore, reconfirmed by its letter dated July 22, 2003 (Exhibit 2) that it considered the directives to be a change to the contract and that it would seek additional cost for same.

On September 5, 2003 (Exhibit 3), Anderson updated its claim through August 31, 2003, noting that to date, it had incurred 446 hours of additional truck time with a value $28,990.00. On October 14, 2003, Anderson again notified Hitt of the status of its claim. Pursuant to that letter, Anderson advised that as of October 11, 2003 the claim had increased to $44,525.00. Anderson further provided a map and directions which documented the 30 minutes of additional time. A response was received from Michael J. Keegan on October 19, 2003, in which the proposal was rejected without any further explanation. (Exhibit 4)

As of November 15, 2003, we have incurred $70,037.50 in additional cost.

It is readily apparent that conduction inspections away from the site are a change to our contract. Nothing in the contract requires such inspections, nor is there any indication that this might occur. To the contrary, the contract language indicates only that the inspections will be conducted when vehicles "enter or leave" government property. No maps or instructions were ever provided, and government representatives admitted that they were not certain where the inspections would actually be performed.

Anderson's position is further supported by the lack of logic in the government's entire inspection process. The government is currently conducting inspections many blocks away from the project. During the period of time that a truck leaves the inspection and arrives at the project, a truck could theoretically be subject to tampering or other violations of security. The methods used by the government violate even the most basic security procedures, and it is not foreseeable that Anderson would anticipate this. I doubt that any outside party looking at the government's method of inspection would concur that it was either described in the contract documents or that it was in conformance with reasonable security procedures.

Accordingly, Anderson continues to request additional compensation. Please submit this proposed change order to the contracting officer, and request a final decision. Your immediate attention to this matter would be appreciated.

Very Truly Yours,
The Anderson Company, LLC

Stuart Himelfarb
Executive Vice President

SAH/amg

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

June 13, 2003 EXHIBIT 1

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

The Anderson Company, L.L.C. is writing this letter to notify HITT Contracting that we consider the current method of truck inspections a change to our contract. Per article 3.5 of the supplementary conditions, all vehicles which enter or leave the property are subject to clearance, inspection, and identification procedures by the United States Capitol Police. It then states that nstructions and maps will be provided upon award. TAC never received any instructions or maps upon the award of our contract which would lead us to believe that the vehicle inspection would not take place onsite. No where within the contract documents and specifications is there a reference to having the vehicles searched at a different location than the job site. This week TAC was informed that all trucks will be required to go to another site after every round to be inspected via a X-ray machine. This inspection adds a minimum of 30 minutes per truck round. This is a drastic increase from our estimated truck times and will have an overall impact on us for more than $200,000.00. This will also have a significant effect on our daily production and the overall project schedule. TAC would like to suggest that the trucks be searched onsite in some manner especially since a large majority of the trucks will be entering the site empty. It makes no sense conducting a security inspection several blocks away from the site. TAC is more than willing to meet to discuss this issue. TAC reserves all rights associated with this change in condition. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
roject Manager
he Anderson Company, L.L.C.

Cc: File

110

PHONE: (703) 393-4000
FAX: (703) 393-4010

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT 2A

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per our conversations yesterday with HITT Contracting Inc., The Anderson Company, L.L.C. is being directed to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. This directive includes having the trucks report to an offsite location several blocks away to be inspected via an X-ray machine. Per my letter sent on June 13, 2003, TAC views this as a change to our contract and we reserve our rights to all impacts associated with this change. TAC is requesting complete reimbursement for the additional trucking costs and production loss from HITT regardless if HITT receives compensation from the owner. Upon receipt of a written directive to proceed under these conditions, TAC will proceed with our disposal operation and claim all additional costs. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT 28

Mr. John F. Seeman
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315).
Subj.: Truck Inspections

Dear John,

The Anderson Company, L.L.C. is in receipt of your direction to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. Please be advised that per our letters dated June 13, 2003 and July 22, 2003 we view this as a change to our contract and will pursue this matter as a claim. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

September 5, 2003 EXHIBIT 3

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current method of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our first claim for all loads of material removed from the job site to date. As of August 31, 2003, TAC has hauled off 892 loads of material. Based on an additional 30 minutes per truck load to have the trucks report to the offsite inspection station, this equates to an additional 446 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspections through the month of August is $28,990.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

cc: File

113

PHONE:(703) 393-4000

THE ARCHITECT OF THE CAPITOL 1793

October 19, 2003 EXHIBIT 4

Washington, DC 20515

Mr. David Michaelson
Sr. Vice President
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

- VIA FACSIMILE and U.S. MAIL*

Reference: WEST REFRIGERATION PLANT EXPANSION PROJECT
PROGESS ISSUES.

Dear Sir:

**ANDERSON TRUCK INSPECTION CLAIM:**
I make reference to the letter from The Anderson Company, L.L.C. to Hitt Contracting dated October 14, 2003. Please be advised that the owner totally rejects any responsibility for this claim based on a total lack of merit. I also note that in our joint (Hitt, Anderson, AOC) meeting several weeks ago, Anderson agreed to provide specific information "the next day", that was not provided.

**EXCAVATION PROGRESS:**
The oversight of our CM coupled with our own observations indicates that your excavation and trucking contractor is making insufficient progress, productivity appears to be lacking and there seems to be an insufficient number of trucks assigned to this project. In light of our significant financial commitment to this project and the criticality of the schedule, I must insist that the appropriate corrective actions be taken immediately.

**DISPOSAL OF CONTAMINATED SOIL:**
Please be aware that remains a very serious open issue between us. We continue to gather data, disposal quotes and information that leads us to believe that the pricing structure requires additional discussion and agreement. In the unlikely event that we are unable to agree on a final pricing arrangement, we are prepared to issue a unilateral contract modification.

Sincerely,

[signature]

Michael J. Keegan
Director Utilities & Power
Architect of the Capitol

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

March 9, 2004

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads of material removed from the job site through March 3, 2004. Per my last updated summary, which covered all material removed from the site through December 31, 2003, the total claim value was $116,902.5. From December 31 through March 3, 2004, TAC has removed an additional 1126 loads of material. This equates to an additional 563 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from December 31 through March 3 is $36,595.00. This value added to the previous value of $116,902.50 brings the total claim to date to $153,497.50. Based on this information and the estimated volumes of material to be hauled off and borrowed on to the project, TAC estimates the total claim to be in excess of $350,000.00. This amount also includes the additional equipment time, manpower, and extended overhead associated with the production loss. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.
Cc: File

PHONE:(703) 393-4000
FAX:(703) 393-4010

EXHIBIT C

116

United States Capitol Power Plant
West Refrigeration Plant Expansion
Project
202.226.9898 phone
202.225.7308 fax



# Transmittal

**To:** Jerry Brandmueller **From:** Michael J. Keegan

**Attn:**

**Date:** May 25, 2004

**Re:** Off Site Security Claim **CC:**

☐ **For Use** ☐ **For Review** ☐ **For Approval** ☐ **Please Comment** ☐ **For Information**

THE ARCHITECT OF THE CAPITOL
1793

Washington, DC 20515

May 25, 2004

Mr. Jerry Brandmueller
Senior Project Manager
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

CONTRACT: West Refrigeration Plant Expansion;
AOC Contract No. 0300012

SUBJECT: Request for Equitable Adjustment and
Request for Contracting Officer's Final Decision

REFERENCE: Hitt Letter Dated April 29, 2004;
Off-Site Security Inspection Claim

This Office is in receipt of a request dated April 29, 2004 from Hitt Contracting, Inc. ("Hitt"), for a Contracting Officer's Final Decision on the issue of Hitt receiving additional funds from the Architect of the Capitol ("AOC") for "off-site" truck security inspections. For the reasons detailed below, I ask Hitt:

1. To put the letter dated April 29, 2004 into the form of a certified claim against AOC; and

2. To provide facts and documentation supporting the certified claim.

I also ask Hitt to respond within its claim, or within its supporting materials, to the questions herein. We need this information to quantify and to evaluate Hitt's claim fairly.

First of all, a true claim needs to be for a fixed and finite dollar amount, not for an indefinite "expected to exceed $350,000." Hitt's Letter of Apr. 29, p. 1, par. 3, sent. 1. See FAR § 33.201, 48 C.F.R. 33.201 on "accrual of a claim." Hitt may assert that its claim through a certain date is for a certain amount of money, for example, reserving rights after that date. A claim may not cover possible additional costs which may never actually occur. Also, AOC may not consider a claim from Anderson directly, since AOC has no contract with Anderson.

Second, a true claim of this magnitude (six figures of dollars) ought to be "certified." "Certified" means that Hitt must adopt Anderson's monetary request as a Hitt claim in accordance with the certification language of FAR § 33.207(c):

> "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor."

After that certification language must come the signature of an official authorized to bind Hitt.

Third, we need quantitative and detailed supporting information on how Hitt computes its dollar claim. For example:

1. Where does the "446 hours" of truck time come from? [Apr. 29 letter, Ex. B, p. 2, 2nd full par.] Please provide a contemporaneous log of which trucks were delayed for how many minutes at which times on which days.

2. What documentation and records support the "446 hours" and "$28,9900?" In fact, where do each of the dollar amounts in Exhibit B specifically come from?

3. What is the origin of the "minimum of thirty minutes of [additional] truck time" come from? Who made this estimate, and based on what? Ex. B, p. 2, 1st full par., 2nd sent.

4. Please detail how AOC's having the truck inspection site only a few blocks from the West Refrigeration Plant site cost Hitt more than occasional and incidental inconvenience. Please explain with specificity how it is "readily apparent that conduct[ing] inspections [a few blocks] away from the [WRP] site are a [compensible] change to [Hitt's] contract," [Ex. B, p. 2 , last par., 1st sent.], in view of the fact that Hitt has known about AOC's dump truck security screening procedures and AOC's sole dump-truck inspection location as a result of other recent Hitt contracts with AOC.

5. Please provide a copy of the "map and directions" (Ex. B, p. 2, 2nd full par., 2nd sent.) which prove that AOC's truck screening requires 30 minutes more truck time per truck than Hitt was obligated to provide under the subject contract. Include any time analysis.

6. Please identify with specificity persons and incidents and timing relating to a "government representative admit[ting] that they were not certain where the inspections would actually be performed" [Ex. B, p. 2, last par., last 2 lines], and explain why that creates a legal basis for Hitt recovering additional money from AOC (under the written contract).

7. Please provide an accurate and complete photocopy of each Hitt sub-contract and each sub-sub-contract related to the instant "claim."

8. Please detail how Hitt's costs related to AOC's truck security inspections were any greater than Hitt bargained for when Hitt bid on the subject contract with AOC. If the Hitt "claim" depends in any way on truck-driver hourly wages, overtime hours, truck rental rates, or gasoline prices, then please provide detailed information on the same, sufficient for this Office to review the validity of such figures.

9. On precisely which Hitt truck contract(s) has Hitt already paid the requested additional money?

10. Please identify where in Hitt's trucking contract(s) Hitt has been required to pay any money for the subject "additional" costs (as of the date of Hitt's revised claim to AOC).

11. How much "additional" money has Hitt paid out on the subject (truck inspection) claim(s) so far, in what amounts, to whom, and on what dates? Please provide a log of such payments.

This Office respects the terms of its contract with Hitt, but it has a fiduciary duty to gather all information relevant to the instant "claim," prior to evaluating the "claim" for payment. Therefore, I respectfully request records, documents and other basis from Hitt to support Hitt's certified claim. Please advise me in writing within fourteen calendar days of your receipt of this letter whether Hitt intends to leave Hitt's April 29 letter (with attachments) as Hitt's "claim," or whether Hitt intends to restate its April 29 letter in the form of a certified claim, with supporting facts and records. Although the Statute of Limitations on a claim is lengthy, we would appreciate bringing this disputed matter to closure within the near future.

As a result, absent any communication from Hitt within fourteen days:
(i) that Hitt will not supplement its April 29, 2004 letter (as a claim), or
(ii) that Hitt's certified and substantiated claim is forthcoming to this Office,
I will presume that Hitt does not want to pursue an official claim on this matter. However, in either event (i or ii), this Office will fairly evaluate Hitt's claim based on the facts, records and legal arguments within the "claim," and will render a Contracting Officer's Final Decision within approximately sixty days after receipt thereof.

Thank you for your attention to this request for supplemental information and for compliance with the requirements for a claim against the government. On business and Contracting Office issues, this Office will continue to be Hitt's point of contact. If Hitt is represented by an attorney on this matter, Hitt's point of contact at AOC is William Dolan, available at 202-225-9697.

Sincerely,

Michael J. Keegan
Contracting Officer's Representative
Director - Utilities and Power

HITT

June 10, 2004

Mr. Michael Keegan
Architect of the Capitol
New Jersey and "E" Street, S.E.
Washington, D.C. 20003

RE: West Refrigeration Plant Expansion
Request For Contracting Officer's Final Decision – Off-Site Security Inspection Claim

Dear Mr. Keegan:

In response to your letter dated May 25, 2004 regarding HITT's request for a Contracting Officer's Final Decision due to the Off-Site Security Inspections. Please be advised, at this time HITT Contracting in conjunction and agreement with our Subcontractor (The Anderson Company) intends to supplement our previous Request for Contracting Officer's Final Decision dated April 29, 2004, which will address the questions tendered in the AOC Letter dated May 25, 2004.

While preparing the requested information for this Claim we will keep you and or the construction manner abreast of our progress. Please advise if this response is sufficient, as HITT Contracting intends to reserve their rights and does intend to pursue this matter.

Sincerely,

Jerry Brandmueller

Jerry Brandmueller
HITT Contracting, Inc.
Senior Project Manager

cc. Brett Hitt.
David Michaelson
Stuart Himelfarb
Mike Mologne

2704 Dorr Avenue • Fairfax, Virginia 22031-4901 • 703 846 9000 • Fax: 703 846 9110 • www.hitt-gc.com
Since 1937

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

01 September 2004

Mr. Jerry Brandmueller
Hitt Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

RECEIVED
2004 SEP 22 P 12:45
ARCHITECT OF THE CAPITOL
GENERAL COUNSEL OFFICE

Re: West Refrigeration Plant Expansion TAC Job # A2315
Subject: Responds to Letter dated May 25, 2004

Dear Jerry,

The Anderson Company, LLC is pleased provide our answers to the question outlined in The Architect of the Capitol's (AOC) response to the off-site security inspections claim. First, per Exhibit A please find the total dollar value as well as the previous updates that have been forwarded on this issue. As stated in the spread sheet contained in Exhibit A, the total cost of the claim through the end of April, 2004 is $188,722.50. As referenced in the AOC's letter, this claim only covers the loads hauled to and from the project through the end of April and The Anderson Company, LLC reserves our rights for all loads hauled to and from the project after that date.

As also requested in AOC's letter. The Anderson Company, LLC has in fact presented this matter in the form of a certified claim as shown in Exhibit B.

Below please find the answers to the remaining questions outlined in the AOC's letter.

1. The truck time is derived from each load hauled to and from the project per TAC's letter dated October 14, 2003 which is contained in Exhibit A, the inspection station has increased the travel time for all loads hauled to and from the project by a minimum 30 minutes. Therefore, the hours provided in the claim come from multiplying the number of loads by 30 minutes. Directions, times and maps were also provided in this letter showing the basis of the additional 30 minutes of travel. Also, contained in Exhibit A is a monthly breakdown of the loads hauled to and from the project thru April 2004.
2. The supporting documentation for the number of hours as well as the dollar value is contained within Exhibit A. The dollar values are based on TAC's rental rates for associated trucks, such as $65.00/hour for dump trucks and $85.00/hour for demo trailers.
3. The origin and basis of the additional 30 minutes is contained in both # 1 above and Exhibit A.
4. Even though the inspection station is blocks away, it has imposed a substantial impact on the travel time for all loads coming to and from the project. It is

122

PHONE:(703) 393-4000
FAX: (703) 393-4010

"readily apparent" based on the fact that the trucks have to travel to a completely separate site prior to going to their intended destination and this is not represented in the contract documents.

5. Maps, directions, and a time analysis were provided in the TAC letter dated October 14, 2003, which again is contained in Exhibit A.
6. The statement that "they were not certain where the inspections would actually be performed", was made by Michael J. Keegan, Contracting Officer's Representative Director-Utilities and Power, The Architect of The Capitol in the October 1, 2003 meeting held onsite regarding this issue at Hitt's trailer. This only cooberates the fact that no one could have assumed that the truck inspections would be held several blocks from the actual project.

8. The actual claim is based off of TAC's truck rental rates. A copy of all TAC's purchase orders, which includes all truck rentals, has previously been provided.

#'s 7, 9, 10, and 11 need to be addressed by HITT Contracting.

TAC is hopeful that the above mentioned answers will assist in bringing issue to a final resolution. Should you have any questions or require any further clarification, please do not hesitate to call.

Very Truly Yours,

Jason Brown
PM Division Manager

JB/amg

Cc: JTA, SAH, File

# EXHIBIT
# A

*Monthly breakdown of loads hauled to and from The West Refrigeration Plan Expansion Project

WEST REFRIGERATION PLANT
TAC JOB # 2315
MONTHLY BREAKDOWN OF LOADS TO & FROM PROJECT

| MONTH | DESCRIPTION | LOADS | IMPACT | ADDITIONAL TIME | UNIT | RATE | TOTAL |
|---|---|---|---|---|---|---|---|
| 6/1/2003 | TOTAL LOADS TO AND FROM SITE IN JUNE 2003 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 27 | 30 MINUTES | 13.5 | HRS | $65.00 | $877.50 |
| | DEMOLITION LOADS (DEMO TRAILERS) | 40 | 30 MINUTES | 20 | HRS | $85.00 | $1,700.00 |
| | EROSION CONTROL DELIVERIES (STONE) | 4 | 30 MINUTES | 2 | HRS | $65.00 | $130.00 |
| | COAL REMOVAL (DUMP TRUCKS) | 28 | 30 MINUTES | 14 | HRS | $65.00 | $910.00 |
| | | | | | SUBTOTAL = | | $3,617.50 |
| 7/1/2003 | TOTAL LOADS TO AND FROM SITE IN JULY 2003 | | | | | | |
| | DEMOLITION LOADS (DEMO TRAILERS) | 9 | 30 MINUTES | 4.5 | HRS | $85.00 | $382.50 |
| | EROSION CONTROL DELIVERIES (STONE) | 18 | 30 MINUTES | 9 | HRS | $65.00 | $585.00 |
| | | | | | SUBTOTAL = | | $967.50 |
| 8/1/2003 | TOTAL LOADS TO AND FROM SITE IN AUGUST 2003 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 86 | 30 MINUTES | 43 | HRS | $65.00 | $2,795.00 |
| | DEMOLITION LOADS (DEMO TRAILERS) | 1 | 30 MINUTES | 0.5 | HRS | $85.00 | $42.50 |
| | EROSION CONTROL DELIVERIES (STONE) | 3 | 30 MINUTES | 1.5 | HRS | $65.00 | $97.50 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 703 | 30 MINUTES | 351.5 | HRS | $65.00 | $22,847.50 |
| | | | | | SUBTOTAL = | | $25,782.50 |
| 9/1/2003 | TOTAL LOADS TO AND FROM SITE IN SEPTEMBER 2003 | | | | | | |
| | DEMOLITION LOADS (DEMO TRAILERS) | 3 | 30 MINUTES | 1.5 | HRS | $85.00 | $127.50 |
| | EROSION CONTROL DELIVERIES (STONE) | 4 | 30 MINUTES | 2 | HRS | $65.00 | $130.00 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 277 | 30 MINUTES | 138.5 | HRS | $65.00 | $9,002.50 |
| | | | | | SUBTOTAL = | | $9,260.00 |
| 10/1/2003 | TOTAL LOADS TO AND FROM SITE IN OCTOBER 2003 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 24 | 30 MINUTES | 12 | HRS | $65.00 | $780.00 |
| | DEMOLITION LOADS (DEMO TRAILERS) | 10 | 30 MINUTES | 5 | HRS | $85.00 | $425.00 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 450 | 30 MINUTES | 225 | HRS | $65.00 | $14,625.00 |
| | | | | | SUBTOTAL = | | $15,830.00 |
| 11/1/2003 | TOTAL LOADS TO AND FROM SITE IN NOVEMBER 2003 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 24 | 30 MINUTES | 12 | HRS | $65.00 | $780.00 |
| | EROSION CONTROL DELIVERIES (STONE) | 2 | 30 MINUTES | 1 | HRS | $65.00 | $65.00 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 720 | 30 MINUTES | 360 | HRS | $65.00 | $23,400.00 |
| | | | | | SUBTOTAL = | | $24,245.00 |
| 12/1/2003 | TOTAL LOADS TO AND FROM SITE IN DECEMBER 2003 | | | | | | |
| | DEMOLITION LOADS (DEMO TRAILERS) | 5 | 30 MINUTES | 2.5 | HRS | $85.00 | $212.50 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 1148 | 30 MINUTES | 574 | HRS | $65.00 | $37,310.00 |
| | | | | | SUBTOTAL = | | $37,522.50 |
| 1/1/2004 | TOTAL LOADS TO AND FROM SITE IN JANUARY 2004 | | | | | | |
| | EROSION CONTROL DELIVERIES (STONE) | 1 | 30 MINUTES | 0.5 | HRS | $65.00 | $32.50 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 630 | 30 MINUTES | 315 | HRS | $65.00 | $20,475.00 |
| | | | | | SUBTOTAL = | | $20,507.50 |

125

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/1/2004 | *TOTAL LOADS TO AND FROM SITE IN FEBRUARY 2004* | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 4 30 MINUTES | 2 | HRS | $65.00 | $130.00 |
| | EROSION CONTROL DELIVERIES (STONE) | 1 30 MINUTES | 0.5 | HRS | $65.00 | $32.50 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 429 30 MINUTES | 214.5 | HRS | $65.00 | $13,942.50 |
| | - | | | | | |
| | | | | SUBTOTAL = | | $14,105.00 |
| 3/1/2004 | *TOTAL LOADS TO AND FROM SITE IN MARCH 2004* | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 87 30 MINUTES | 43.5 | HRS | $65.00 | $2,827.50 |
| | EROSION CONTROL DELIVERIES (STONE) | 2 30 MINUTES | 1 | HRS | $65.00 | $65.00 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 357 30 MINUTES | 178.5 | HRS | $65.00 | $11,602.50 |
| | | | | SUBTOTAL = | | $14,495.00 |
| 4/1/2004 | *TOTAL LOADS TO AND FROM SITE IN APRIL 2004* | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 23 30 MINUTES | 11.5 | HRS | $65.00 | $747.50 |
| | EXCAVATION LOADS (DUMP TRUCKS) | 209 30 MINUTES | 104.5 | HRS | $65.00 | $6,792.50 |
| | | | | SUBTOTAL = | | $7,540.00 |
| | *SERVICE TRUCK FOR FUEL & SERVICE* | | | | | |
| | PROJECT HAS WORKED 230 DAYS THROUGH APRIL 2004 | 230 30 MINUTES | 115 | HRS | $100.00 | $11,500.00 |
| | | | | SUBTOTAL = | | $11,500.00 |
| | *EQUIPMENT MOVES* | | | | | |
| | THERE HAVE BEEN 67 EQUIPMENT MOVES THROUGH APRIL 2004 | 67 30 MINUTES | 33.5 | HRS | $100.00 | $3,350.00 |
| | | | | SUBTOTAL = | | $3,350.00 |
| | | | | TOTAL = | | $188,722.50 |

126

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

September 5, 2003

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current method of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our first claim for all loads of material removed from the job site to date. As of August 31, 2003, TAC has hauled off 892 loads of material. Based on an additional 30 minutes per truck load to have the trucks report to the offsite inspection station, this equates to an additional 446 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspections through the month of August is $28,990.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

cc: File

127

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ANDER( )ON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

October 14, 2003

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections Claim

Dear Stephen,

Per our last meeting discussing our truck inspections claim at the West Refrigeration Plant Expansion Project on October 1, 2003, the AOC and HITT Contracting both asked that TAC go back and review the truck routes into the project. TAC has since contacted the companies responsible for hauling the soil and they have provided us with directions and time durations under both circumstances, going directly to the project as well as reporting to the offsite inspection station first. As shown, the difference is approximately 30 minutes per truck load. Attached please find these directions as well as a map that clearly illustrates the difficulty involved in reporting to the inspection station. Per our last meeting when the AOC even admitted that they didn't know what the inspection procedures would be at the time of the bid, TAC maintains that there is no way we could have reasonably anticipated that the inspections would be held offsite.

Based on the attached information as well as our previous correspondence, TAC will continue to claim an additional 30 minutes of trucking for each load both hauled off and on to the West Refrigeration Plant Expansion Project. As of October 11, 2003, TAC has hauled off 1,369 loads of material. Based on the additional 30 minutes per truck load to report to the offsite inspection station, this equates to an additional 685 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspection station through October 11, 2003 is **$44,525.00.** Based on the total estimated volumes of material to be hauled off and borrowed on, the total claim will be in excess of $350,000.00. These values to not include the additional equipment time, manpower, and extended overhead associated with the production loss. TAC reserves our rights to all impacts associated with this change in condition. TAC would like to suggest another onsite meeting to resolve this issue immediately based on the financial impact to the project. Should you have any questions or require any further clarification, please do not hesitate to call.

PHONE:(703) 393-4000
FAX: (703) 393-4010

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 10/14

FAX: 202 554 ~~2322~~ 9134

COMPANY: HETT

ATTN: Steve

PAGES (INCL. COVER): 9

COMMENTS:

Truck inspections.

SENT BY Jason Brown

ORIGINAL ✓ WILL ____ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

130

HP LASERJET 3150
PRINTER/FAX/COPIER/SCANNER

SEND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
OCT-14-03 8:43AM

| JOB | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 997 | 10/14 8:40AM | 2'32" | 2025549134 | SEND | 9/ 9 | EC144 | COMPLETED |

TOTAL 2'32" PAGES SENT: 9 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 10/14

FAX: 202 554 ~~2327~~ 9134

COMPANY: HETT

ATTN: Steve

PAGES (INCL COVER): 9

COMMENTS:
Truck inspections.

SENT BY Jim Brown

ORIGINAL ___WILL___ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

131

T-656 P01/02 U-488

# SoilSafe

*Recycling of Contaminated Soil and Industrial Waste.*

Celebrating our 12th Anniversary serving our customers

FAX TRANSMITTAL

TO: Jason

FROM: Harold

COMPANY: Anderson

DATE: 10/10/03

PHONE NUMBER:

TOTAL NO. OF PAGES INCLUDING COVER: 3

FAX NUMBER: 1-703-393-4010

RE:

MESSAGE:

Jason
Here's the directions with the times you where looking for. Any Questions, Please Call me.
Harold

*Turnkey Services Provided by Soil Safe*

- Recycling of Petroleum Contaminated Soils & Industrial Waste
- Loading / Transportation / Lab Analysis
- On-Site Recycling / Treatment

Landfill Capping and Design
Treatability Studies / Mix Design Development
Quality Recycled Product for Various End Use Applications

*2700 Lighthouse Point East, Suite 402 • Baltimore, MD 21224*

*Phone (410) 327-5753 • Fax (410) 327-6960*

A PERMANENT SOLUTION TO SOIL RECYCLING

R. L. HALL TRUCKING, INC.
3985 FIRST ST. S.W.
WASHINGTON, D. C. 20032
PHONE 202-488-0798
FAX 202-563-3942

Oct 2 2003

Route going to the check point, then to the job:

#1. 395 South to 3rd St. Tunnel
#2. 3rd St. Tunnel to D St.
#3. left on D St.
#4. left on 3rd St. — #5. Come to check point (Corner of 3rd & Constitution)
#6. make a U-turn on Constitution
#7. left on 3rd St
left on Independence
#9. Right on Washington
#10. left on E St.
11. Right on New Jersey
2 left on K St.
13 left on 2nd St.
4 left on Va. — go approximately 1/4 mile into the plant.

133

Attn: Harold Jenkins

R. L. HALL TRUCKING, INC.
3985 FIRST ST. S.W.
WASHINGTON, D. C. 20032
PHONE 202-488-0798
FAX 202-563-3942

Oct 2 2003

Route going to the check point, then to the job:

395 South to 3rd St. Tunnel
3rd St. Tunnel to D St. (5 mins.)
left on D St. (3 minutes)
left on 3rd St. — Come to check point (Corner of 3rd & Constitution) (15 minutes)
make a U-turn on Constitution (5 minutes)
left on 3rd St (3 minutes)
left on Independence 4 minutes)
Right on Washington (2 minutes)
left on E St. (3 minutes)
Right on New Jersey (2 minutes)
left on K St. (2 minutes)
left on 2nd St. (3 minutes)
left on Va. — go approximately 1/4 mile into the plant.

Approximately 47 minutes

Route going directly to the job.

Time 20 minute

Penn. Ave. to 295
295 to South Capital St. S.E.
South Capital to Washington
Washington to E St
Right on New Jersey Ave.
left on K St.
left on 2nd St.
left on Va. - go approximately ½ mile into the plant



Joins Map
77°00'00"
800,000 FT
395 to 3rd St. Tunnel
3rd St. Tunnel to D St.
Left on D St.
Left on 3rd St.
#5. Gone to Checkpoint at intersection of Constitution and 3rd Street by heading East on Constitution
#6. Make a UTURN on Constitution
#7. Make a Left on 3rd St.
CONSTITUTION
US Capitol
Supreme Court
Library of Congress
#8. Make a Left on Independence
AVENUE
THIRD ST
Make a right on Washington
#10 Make a Left on E St.
#11. Make a Right on New Jersey
WASHINGTON AVE
SOUTH CAPITOL
NEW JERSEY
VIRGINIA AVE
FREEWAY
#12. Make a Left on to K St
#13. Make a Left on to 2nd St.
#14. Make a Left on Va.
Union Station
Gonzaga College
Superintendent of Documents
Georgetown Law Ctr
US Capitol Police Hq.
Southeastern
Waterside Mall
Van Ness


136


Joins Map
77°00'00"
800,000 FT
Gonzaga College
Superintendent of Documents
Union Sta
Georgetown (MARC)(AMTRAK)
Union Sta Mall
National Capitol
Judiciary Sq
Holy Rosary
Japanese American Mem
US Capitol Police Hdq
Union Sta Plaza
J Marshall Park
CONSTITUTION
Supreme Court
US Capitol
Union Sq
Library of Congress
Stanton Pk
Peabody ES
Seventh Day
BROWNS
Seward Square
Capitol
Saint Peters Cath
Southeast
Brent ES
Capitol Hill Day ES
Giddings Admin Ctr
SOUTHWEST
Amidon ES
Randall
Southwest
DC Motor Vehicle Inspection Sta
Waterside Mall
Arena Stage
Capper
Van Ness ES
WASHINGTON
VIRGINIA
SOUTHEAST
MANNING PL
FREEWAY
MARYLAND
ARCHIE WALK
ELLEN WILS
50
395
295

137

THE ANDERS ON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

November 4, 2003

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads of material removed from the job site through November 1, 2003. Per my last updated summary which covered all material removed from the site through October 11, 2003, the total claim value was $44,525.00. From October 11 through November 1, TAC has removed an additional 364 loads of material. This equates to an additional 182 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from October 11 through November 1 is $11,830.00. This value added to the previous value of $44,525.00 brings the total claim to date to $56,355.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

138

PHONE:(703) 393-4000
FAX: (703) 393-4016

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 1/14

FAX: 202 554 9734

COMPANY: HTTT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS:

Updated Claim

SENT BY Jason Brown

ORIGINAL ✓ WILL ⊘ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

139

LASERJET 3150
PRINTER/FAX/COPIER/SCANNER

SEND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
NOV-4-03 10:11AM

| JOB | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 3 | 11/ 4 10:10AM | 0'36" | 2025549134 | SEND | 2/ 2 | EC144 | COMPLETED |

TOTAL 0'36" PAGES SENT: 2 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 11/4
FAX: 202-554-913[illegible]
COMPANY: HTTT
ATTN: Steve
PAGES (INCL. COVER): 2
COMMENTS: Updated Claim

SENT BY Jason [illegible]

ORIGINAL ✓ WILL OR WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

140

THE ANDER(·)ON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

January 8, 2004

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads material removed from the job site through December 31, 2003. Per my last updated ımmary, which covered all material removed from the site through November 15, 2003, the total claim value was $70,037.50. From November 15 through December 31, TAC has removed an additional 1442 loads of material. This equates to an additional 721 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from November 15 through December 31 is $46,865.00. This value added to the previous value of $70,037.50 brings the total claim to date to **$116,902.50**. Based on this information and the estimated volumes of material to be hauled off and borrowed on to the project, TAC estimates the total claim to be in excess of $350,000.00. This amount also includes the additional equipment time, manpower, and extended overhead associated with the production loss. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

ason S. Brown
·t Manager
.nderson Company, L.L.C.
.. File

PHONE:(703) 393-4000
FAX: (703) 393-4010

141

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 1/8/04

FAX: 202 554 9134

COMPANY: HITT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS:

Tracking Claim Update

SENT BY Jason Brown

ORIGINAL ✓ WILL ___ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

142

HP LASERJET 3150
PRINTER/FAX/COPIER/SCANNER

SEND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
JAN-8-04 6:47AM

| OU | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 97 | 1/ 8 6:46AM | 0'36" | 2025549134 | SEND | 2/ 2 | EC144 | COMPLETED |
| | TOTAL | 0'36" | PAGES SENT: 2 | PAGES PRINTED: 0 | | | |

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 1/8/04

FAX: 202 554 9134

COMPANY: HITT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS: Tracking Claim Update

SENT BY Jason Brown

ORIGINAL ✓ WILL X WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

143

THE ANDERS□N COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

March 9, 2004

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing ..s to proceed with our disposal operation and our subsequent letter notifying you that we would .oceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads .f material removed from the job site through March 3, 2004. Per my last updated summary, which covered all material removed from the site through December 31, 2003, the total claim value was $116,902.5. From December 31 through March 3, 2004, TAC has removed an additional 1126 loads of material. This equates to an additional 563 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from December 31 through March 3 is $36,595.00. This value added to the previous value of $116,902.50 brings the total claim to date to **$153,497.50**. Based on this information and the estimated volumes of material to be hauled off and borrowed on to the project, TAC estimates the total claim to be in excess of $350,000.00. This amount also includes the additional equipment time, manpower, and extended overhead associated with the production loss. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
..ct Manager
.. Anderson Company, L.L.C.
..: File

144

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ANDERSO N COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 3/9

FAX: 202 559 9174

COMPANY: HJ TT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS:
Updated Claim

SENT BY Jason Brown

ORIGINAL ✓ WILL ___ WILL NOT BE FORWARDED

ULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT CEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

P LASERJET 3150
RINTER/FAX/COPIER/SCANNER

END CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
MAR-9-04 8:10AM

| OB | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 58 | 3/ 9 8:09AM | 0'36" | 2025549134 | SEND | 2/ 2 | EC144 | COMPLETED |

TOTAL 0'36" PAGES SENT: 2 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 3/9
FAX: 202 554 9134
COMPANY: HJ TT
ATTN: Steve
PAGES (INCL. COVER): 2
COMMENTS: Updated Claim

SENT BY [signature]

ORIGINAL ✓ WILL X WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

146

# EXHIBIT
# B

TAC Certified Claim

THE ANDER[illegible]ON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

November 25, 2003

Mr. Stephen Schoenefeldt
Hitt Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

Re: West Refrigeration Plant Expansion Project
Security Inspection Claim

Gentlemen:

The purpose of this letter is to submit a formal claim in connection with the dispute relating to the truck inspection cost on the above-referenced project and to request a Contracting Officers Final Decision. Although this matter has been the subject of considerable correspondence, we wanted to review the issue fully in requesting a final decision.

Specification Section 01110, paragraph 1.3 (B) defines the contractor area of work. It essentially limits the area of work to the specific site shown on the contract drawings. Moreover, Section 1.4(B) gives the contractor specific direction as to how the site will be accessed:

> B. Site access for the Contractor shall primarily occur from Virginia Avenue with limited use of the service entrance from E Street. All Access shall be through guarded gates and allowed only to secured Personnel.

The Supplementary Conditions, paragraph 3.5 states as follows:

> All vehicles, and contents, used by the Contractor or subcontractors, which enter or leave United States government property during performance of the work, will be subject to clearance, inspection and identification procedures conducted by the United States Capitol Police. Instructions and map(s) will be provided to the Contractor upon award.

A review of Section 3.5 could only leave the bidder to understand that inspection would be conducted when the contractor "enters or leaves" government property.

PHONE:(703) 393-4000
FAX: (703) 393-4010