Nothing in the bid documents indicated that inspections would be conducted at remote locations. To the contrary, Specification Section 0110, paragraph 1.4(B) quoted above, indicates that access will occur only in specific locations of the site through "guarded gates". It was a more than reasonable assumption that inspection would be conducted at the site.

As you know, this did not occur. Rather, the government desired to have inspections performed at another site which was many blocks from the project. Having these off-site inspections added a minimum of thirty minutes of truck time that obviously greatly increases Anderson's hauling costs. Accordingly, by letter dated June 13, 2003, (Exhibit 1) Anderson put Hitt on notice of this situation. Anderson was directed to continue to proceed with the disposal operations, and therefore, reconfirmed by its letter dated July 22, 2003 (Exhibit 2) that it considered the directives to be a change to the contract and that it would seek additional cost for same.

On September 5, 2003 (Exhibit 3), Anderson updated its claim through August 31, 2003, noting that to date, it had incurred 446 hours of additional truck time with a value $28,990.00. On October 14, 2003, Anderson again notified Hitt of the status of its claim. Pursuant to that letter, Anderson advised that as of October 11, 2003 the claim had increased to $44,525.00. Anderson further provided a map and directions which documented the 30 minutes of additional time. A response was received from Michael J. Keegan on October 19, 2003, in which the claim was rejected without any further explanation. (Exhibit 4)

As of November 15, 2003, we have incurred $70,037.50 in additional cost.

It is readily apparent that conduction inspections away from the site are a change to our contract. Nothing in the contract requires such inspections, nor is there any indication that this might occur. To the contrary, the contract language indicates only that the inspections will be conducted when vehicles "enter or leave" government property. No maps or instructions were ever provided, and government representatives admitted that they were not certain where the inspections would actually be performed.

Anderson's position is further supported by the lack of logic in the government's entire inspection process. The government is currently conducting inspections many blocks away from the project. During the period of time that a truck leaves the inspection and arrives at the project, a truck could theoretically be subject to tampering or other violations of security. The methods used by the government violate even the most basic security procedures, and it is not foreseeable that Anderson would anticipate this. I doubt that any outside party looking at the government's method of inspection would concur that it was either described in the contract documents or that it was in conformance with reasonable security procedures.

Accordingly, Anderson continues to request additional compensation. Please submit this claim to the contracting officer, and request a final decision. Your immediate attention to this matter would be appreciated.

Very Truly Yours,
The Anderson Company, LLC

Stuart Himelfarb
Executive Vice President

Certification

I hereby certify that the foregoing claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustments for which The Anderson Company, LLC is liable; and that I am duly authorized to certify this claim on behalf of The Anderson Company, LLC

Stuart Himelfarb
Executive Vice President

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

June 13, 2003 EXHIBIT 1

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

The Anderson Company, L.L.C. is writing this letter to notify HITT Contracting that we consider the current method of truck inspections a change to our contract. Per article 3.5 of the supplementary conditions, all vehicles which enter or leave the property are subject to clearance, inspection, and identification procedures by the United States Capitol Police. It then states that instructions and maps will be provided upon award. TAC never received any instructions or maps upon the award of our contract which would lead us to believe that the vehicle inspection would not take place onsite. No where within the contract documents and specifications is there a reference to having the vehicles searched at a different location than the job site. This week TAC was informed that all trucks will be required to go to another site after every round to be inspected via a X-ray machine. This inspection adds a minimum of 30 minutes per truck round. This is a drastic increase from our estimated truck times and will have an overall impact on us for more than $200,000.00. This will also have a significant effect on our daily production and the overall project schedule. TAC would like to suggest that the trucks be searched onsite in some manner especially since a large majority of the trucks will be entering the site empty. It makes no sense conducting a security inspection several blocks away from the site. TAC is more than willing to meet to discuss this issue. TAC reserves all rights associated with this change in condition. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

PHONE: (703) 393-4000
FAX: (703) 393-4010

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT 2A

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per our conversations yesterday with HITT Contracting Inc., The Anderson Company, L.L.C. is being directed to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. This directive includes having the trucks report to an offsite location several blocks away to be inspected via an X-ray machine. Per my letter sent on June 13, 2003, TAC views this as a change to our contract and we reserve our rights to all impacts associated with this change. TAC is requesting complete reimbursement for the additional trucking costs and production loss from HITT regardless if HITT receives compensation from the owner. Upon receipt of a written directive to proceed under these conditions, TAC will proceed with our disposal operation and claim all additional costs. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT - 23

Mr. John F. Seeman
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear John,

The Anderson Company, L.L.C. is in receipt of your direction to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. Please be advised that per our letters dated June 13, 2003 and July 22, 2003 we view this as a change to our contract and will pursue this matter as a claim. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

September 5, 2003 EXHIBIT 3

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current method of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our first claim for all loads of material removed from the job site to date. As of August 31, 2003, TAC has hauled off 892 loads of material. Based on an additional 30 minutes per truck load to have the trucks report to the offsite inspection station, this equates to an additional 446 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspections through the month of August is $28,990.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

c: File

154

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ARCHITECT OF THE CAPITOL 1793

October 19, 2003 EXHIBIT 4

Washington, DC 20515

Mr. David Michaelson
Sr. Vice President
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

- VIA FACSIMILE and U.S. MAIL*

Reference: WEST REFRIGERATION PLANT EXPANSION PROJECT
PROGESS ISSUES.

Dear Sir:

**ANDERSON TRUCK INSPECTION CLAIM:**
I make reference to the letter from The Anderson Company, L.L.C. to Hitt Contracting dated October 14, 2003. Please be advised that the owner totally rejects any responsibility for this claim based on a total lack of merit. I also note that in our joint (Hitt, Anderson, AOC) meeting several weeks ago, Anderson agreed to provide specific information "the next day", that was not provided.

**EXCAVATION PROGRESS:**
The oversight of our CM coupled with our own observations indicates that your excavation and trucking contractor is making insufficient progress, productivity appears to be lacking and there seems to be an insufficient number of trucks assigned to this project. In light of our significant financial commitment to this project and the criticality of the schedule, I must insist that the appropriate corrective actions be taken immediately.

**DISPOSAL OF CONTAMINATED SOIL:**
Please be aware that remains a very serious open issue between us. We continue to gather data, disposal quotes and information that leads us to believe that the pricing structure requires additional discussion and agreement. In the unlikely event that we are unable to agree on a final pricing arrangement, we are prepared to issue a unilateral contract modification.

Sincerely,

Michael J. Keegan
Director Utilities & Power
Architect of the Capitol

155

THE ANDER[illegible]ON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # (703) 393-4980

DATE: December 1, 2003

FAX: 202-554-9134

COMPANY: Hitt Contracting

ATTN: Stephen Schoenefeldt

PAGES: 9

COMMENTS:

SENT BY: [signature]

ORIGINAL X WILL ___ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4999.

PHONE: (703) 393-4999

156

LASERJET 3150 ND CONFIRMATION REPORT FOR
INTER/FAX/COPIER/SCANNER THE ANDERSON CO.
703 393 4980
DEC-1-03 10:26AM

| START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|
| 12/ 1 10:23AM | 2'15" | 2025549134 | SEND | 9/ 9 | EC144 | COMPLETED |

TOTAL 2'15" PAGES SENT: 9 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # (703) 393-4980

DATE: December 1, 2003

FAX: 202-554-9134

COMPANY: H.H. Contracting

ATTN: Stefan Schoenefeldt

PAGES: 9

COMMENTS:

SENT BY: [signature]

ORIGINAL X WILL ___ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4999.

PHONE: (703) 393-4999

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 1/8/04

FAX: 202 554 9134

COMPANY: HITT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS:

Tracking Claim Update

SENT BY Jason Brown

ORIGINAL ✓ WILL ___ WILL NOT BE FORWARDED

HOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

158

HP LASERJET 3150
PRINTER/FAX/COPIER/SCANNER

SEND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
JAN-8-04 6:47AM

| JOB | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 97 | 1/ 8 6:46AM | 0'36" | 2025549134 | SEND | 2/ 2 | EC144 | COMPLETED |

TOTAL 0'36" PAGES SENT: 2 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 1/8/04

FAX: 202 554 9134

COMPANY: HITT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS: Tracking Claim Update

SENT BY Jason Brown

ORIGINAL WILL X WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

159

THE ANDERS_N COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

March 9, 2004

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current location of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing us to proceed with our disposal operation and our subsequent letter notifying you that we would ceed under a claim, TAC hereby submits to HITT Contracting our updated claim for all loads of material removed from the job site through March 3, 2004. Per my last updated summary, which covered all material removed from the site through December 31, 2003, the total claim value was $116,902.5. From December 31 through March 3, 2004, TAC has removed an additional 1126 loads of material. This equates to an additional 563 hours of trucking based on the additional 30 minutes per truck load to have the trucks report to the offsite inspection station. Therefore, the total additional trucking cost for the period from December 31 through March 3 is $36,595.00. This value added to the previous value of $116,902.50 brings the total claim to date to **$153,497.50**. Based on this information and the estimated volumes of material to be hauled off and borrowed on to the project, TAC estimates the total claim to be in excess of $350,000.00. This amount also includes the additional equipment time, manpower, and extended overhead associated with the production loss. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will continue to forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

ason S. Brown
t Manager
he Anderson Company, L.L.C.
c: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

160

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 3/9

FAX: 202 554 9174

COMPANY: HJ TT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS:

Updated Claim

SENT BY Jason Brown

ORIGINAL ✓ WILL ☒ WILL NOT BE FORWARDED

..OULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

161

P LASERJET 3150
RINTER/FAX/COPIER/SCANNER

ND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
MAR-9-04 8:10AM

| )B | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 8 | 3/ 9 8:09AM | 0'36" | 2025549134 | SEND | 2/ 2 | EC144 | COMPLETED |

TOTAL 0'36" PAGES SENT: 2 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # 703-393-4980

DATE: 3/9

FAX: 202 554 9134

COMPANY: HJ IT

ATTN: Steve

PAGES (INCL. COVER): 2

COMMENTS: Updated Claim

SENT BY [illegible]

ORIGINAL ✓ WILL X WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4000.

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT 2A

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per our conversations yesterday with HITT Contracting Inc., The Anderson Company, L.L.C. is being directed to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. This directive includes having the trucks report to an offsite location several blocks away to be inspected via an X-ray machine. Per my letter sent on June 13, 2003, TAC views this as a change to our contract and we reserve our rights to all impacts associated with this change. TAC is requesting complete reimbursement for the additional trucking costs and production loss from HITT regardless if HITT receives compensation from the owner. Upon receipt of a written directive to proceed under these conditions, TAC will proceed with our disposal operation and claim all additional costs. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

PHONE:(703) 393-4000
FAX: (703) 393-4010

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

July 22, 2003 EXHIBIT 23

Mr. John F. Seeman
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315).
Subj.: Truck Inspections

Dear John,

The Anderson Company, L.L.C. is in receipt of your direction to proceed with the disposal operation at the West Refrigeration Plant Expansion Project. Please be advised that per our tters dated June 13, 2003 and July 22, 2003 we view this as a change to our contract and will pursue this matter as a claim. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

Cc: File

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

September 5, 2003 EXHIBIT 3

Mr. Stephen Schoenefeldt
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections

Dear Stephen,

Per my letter dated June 13, 2003, The Anderson Company, L.L.C. notified HITT Contracting that we considered the current method of truck inspections at the West Refrigeration Plant Expansion Project a change to our contract. Per your written directive on July 22, 2003 directing ) to proceed with our disposal operation and our subsequent letter notifying you that we would proceed under a claim, TAC hereby submits to HITT Contracting our first claim for all loads of material removed from the job site to date. As of August 31, 2003, TAC has hauled off 892 loads of material. Based on an additional 30 minutes per truck load to have the trucks report to the offsite inspection station, this equates to an additional 446 hours of truck time. Therefore, the total additional trucking cost associated with the offsite inspections through the month of August is $28,990.00. This amount does not include the additional equipment time, manpower, and extended overhead associated with the production loss. This amount will be forwarded under a separate cover at the completion of the project. TAC continues to reserve our rights to all impacts associated with this change in condition. TAC will forward period summaries of the current disposal quantities and the associated dollar value for the additional trucking. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Project Manager
The Anderson Company, L.L.C.

cc: File

165

PHONE:(703) 393-4000

THE ARCHITECT OF THE CAPITOL 1793

Washington, DC 20515

October 19, 2003 EXHIBIT 4

Mr. David Michaelson
Sr. Vice President
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

• VIA FACSIMILE and U.S. MAIL*

Reference: WEST REFRIGERATION PLANT EXPANSION PROJECT
PROGESS ISSUES.

Dear Sir:

**ANDERSON TRUCK INSPECTION CLAIM:**
I make reference to the letter from The Anderson Company, L.L.C. to Hitt Contracting dated October 14, 2003. Please be advised that the owner totally rejects any responsibility for this claim based on a total lack of merit. I also note that in our joint (Hitt, Anderson, AOC) meeting several weeks ago, Anderson agreed to provide specific information "the next day", that was not provided.

**EXCAVATION PROGRESS:**
The oversight of our CM coupled with our own observations indicates that your excavation and trucking contractor is making insufficient progress, productivity appears to be lacking and there seems to be an insufficient number of trucks assigned to this project. In light of our significant financial commitment to this project and the criticality of the schedule, I must insist that the appropriate corrective actions be taken immediately.

**DISPOSAL OF CONTAMINATED SOIL:**
Please be aware that remains a very serious open issue between us. We continue to gather data, disposal quotes and information that leads us to believe that the pricing structure requires additional discussion and agreement. In the unlikely event that we are unable to agree on a final pricing arrangement, we are prepared to issue a unilateral contract modification.

Sincerely,

Michael J. Keegan
Director Utilities & Power
Architect of the Capitol

166

THE ANDERSON COMPANY. L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # (703) 393-4980

DATE: December 1, 2003

FAX: 202-554-9134

COMPANY: H.H. Contracting

ATTN: Stephen Schoenfeldt

PAGES: 9

COMMENTS:

SENT BY: [signature]

ORIGINAL X WILL ___ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4999.

PHONE: (703) 393-4999

HP LASERJET 3150
PRINTER/FAX/COPIER/SCANNER

SEND CONFIRMATION REPORT FOR
THE ANDERSON CO.
703 393 4980
DEC-1-03 10:26AM

| JOB | START TIME | USAGE | PHONE NUMBER/ADDRESS | TYPE | PAGES | MODE | STATUS |
|---|---|---|---|---|---|---|---|
| 30 | 12/ 1 10:23AM | 2'15" | 2025549134 | SEND | 9/ 9 | EC144 | COMPLETED |

TOTAL 2'15" PAGES SENT: 9 PAGES PRINTED: 0

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

FAX TRANSMITTAL

FAX # (703) 393-4980

DATE: December 1, 2003

FAX: 202-554-9134

COMPANY: H.H Contracting

ATTN: Stefan Schoenefeldt

PAGES: 9

COMMENTS:

SENT BY: [signature]

ORIGINAL X WILL __ WILL NOT BE FORWARDED

SHOULD YOU HAVE DIFFICULTY READING ALL PAGES, OR IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT THE SENDER AT (703) 393-4999.

PHONE: (703) 393-4999

HITT

September 22, 2004

**VIA HAND DELIVERY**

Michael J. Keegan
Contracting Officer's Representative
Architect of the Capitol
Capitol Power Plant
New Jersey & E Streets, SE
Washington, DC 20003

**RE: West Refrigeration Plan Expansion;**
**AOC Contract No. 0300012**

**Request For Contracting Officer's Final Decision**

**HITT Letter Dated April 29, 2004**
**Off-Site Security Inspection Claim**

Dear Mr. Keegan:

With regard to your letter of May 25, 2004, please note the following:

Request Nos. 1-6 and 8. Enclosed is a copy of the September 1, 2004 letter (with enclosures) from The Anderson Company, L.L.C. ("TAC"). It provides responses to your Request Nos. 1-6 and 8.

Request No. 7. TAC's Subcontract Agreement with HITT Contracting, Inc. ("HITT") was provided to you on June 17, 2004, along with other documentation responsive to your letter of June 10, 2004. We are, however, enclosing an additional copy for your convenience.

Request Nos. 9-11. TAC is HITT's only excavation trucking contractor. To date HITT has not made payment to TAC for the additional costs at issue. That of course is not at all unusual since this is a "pass-through" claim. See e.g. Subcontract Agreement Articles 1.C, 6.C, and 11.

Certification. 48 CFR § 33.207 is not one of the FAR clauses that was incorporated into the General Conditions of our contract with the AOC. Nevertheless, Exhibit B to TAC's letter of September 1, 2004, includes correspondence from TAC which is in the form of a certified claim.

Amount of the Claim. 48 CFR § 33.201 is not one of the FAR clauses that was incorporated into the General Conditions of our contract with the AOC. Nor does that Section indicate that there was thing wrong with the form of the previous submission (which documented the costs which had been

169

HITT

Michael J. Keegan
Contracting Officer's Representative
Page 2
September 22, 2004

incurred through February, identified that the costs were ongoing, and indicated that at the end of the day the total costs were "expected to exceed $350,000"). As indicated in TAC's letter of September 1, 2004, "the total cost of the claim through the end of April 2004 is $188,722.50." In accordance with your letter of May 25, 2004, TAC and HITT reserve their rights to seek additional compensation for all loads hauled to and from the project after that date.

Request For Contracting Officer's Final Decision. For your information, I am enclosing an additional copy of our April 29, 2004 Request for a Contracting Officer's Final Decision. It is my understanding from your letter of May 25, 2004 that the Contracting Officer's Final Decision will be issued within approximately sixty days.

Very truly yours,

Jerry Brandmueller

Enclosures

cc: Alan M. Hantman (w/encs.) / Via Hand Delivery
William Dolan, Esquire (w/encs.) / Via Hand Delivery
Stuart Himelfarb / Via Certified Mail

THE ARCHITECT OF THE CAPITOL
1793

Washington, DC 20515

September 24, 2004

Jerry Brandmueller
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

CONTRACT: West Refrigeration Plant Expansion; AOC Contract No. 0300012

SUBJECT: Request for Contracting Officer's Final Decision

REFERENCE: Hitt Letter Dated September 22, 2004; Off-Site Security Inspection Claim

Dear Mr. Brandmueller:

A preliminary review of the above referenced letter regarding a Contracting Officer's Final Decision on Off-Site Security, indicates the following:

1. By the contract, under specification 01000-10 para. 1.4. F, the Code of Federal Regulations is to be complied with in its entirety.

2. The AOC's contract is with Hitt Contracting, Inc.; therefore, we do not acknowledge The Anderson Company's certification as compliance with the CFR requirements regarding a certified claim.

3. The AOC has not received purchase orders for truck rentals as requested in our May 25, 2004 letter to Hitt Contracting, Inc.

4. The trucking logs indicate activities associated with contaminated soil removal. The removal of contaminated soil is accounted for in Modification No. 10 of the contract. Modification No.10 was a bilateral agreement, which included total direct and indirect costs for trucking operations.

5. The AOC has not received evidence that payment has been made to The Anderson Company, particularly for contaminated soil removal. The evidence of payment was requested in the AOC response dated May 25, 2004.

AOC-HITT
6-10 (TRUCK SECURITY)

171

Based on the above aforementioned, the Contracting Officer's Final Decision review will not commence until the requested documentation is received.

Thank you for your attention to this request for supplemental information and the compliance with the requirements for a claim against the Government.

Sincerely,

Michael J. Keegan
Contracting Officer's Representative
West Refrigeration Plant Expansion Project
Architect of the Capitol

Cc: File

HITT

February 8, 2005

Michael J. Keegan
Contracting Officer's Representative
Architect of the Capitol
Capitol Power Plant
New Jersey & E Streets, SE
Washington, DC 20003

RE: **West Refrigeration Plan Expansion**
**AOC Contract No. 0300012**

**AOC's Letter of September 24, 2004**
**Regarding Off-Site Inspection Claim**

Dear Mr. Keegan:

This is in response to the points raised in your letter of September 24, 2004.

1. Specification 01000-10, Paragraph 1.4.F, does not provide that the Code of Federal Regulations ("CFR") is to be complied with in its entirety.

2. The CFR requirement for certification of claims is not a requirement of our contract with the AOC.

3. Enclosed are copies of the purchase orders furnished to us by The Anderson Company, LLC ("TAC").

4. Although Modification No. 10 settled the additional costs due to the fact that the soil was contaminated, it did not settle the increased costs due to the off-site inspections. Enclosed is a copy of TAC's letter of October 14, 2004 regarding this matter.

5. Enclosed is the most recent partial lien waiver from TAC.

We expect that a contracting officer's decision on HITT Contracting, Inc.'s Off-Site Inspection claim will be forthcoming in short order.

Very truly yours,

Jerry Brandmueller

cc: Alan Hantman – Via Fax

2704 Dorr Avenue • Fairfax, Virginia 22031-4901 • 703 846 9000 • Fax: 703 846 9110 • www.hitt-gc.com
Since 1937

02/09/2005 14:25 FAX 003

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

PCO 51

October 14, 2004

Mr. Jerry Brandmueller
HITT Contracting Inc.
2704 Dorr Ave.
Fairfax, Virginia 22031

Re: AOC – West Refrigeration Plant Expansion Project (TAC Job #2315)
Subj.: Truck Inspections Claim

Dear Jerry,

The Anderson Company, L.L.C. is in receipt of the letter sent to you by The Architect Of The Capitol referencing the off-site security inspection claim dated September 24, 2004. Items 1, 2, 3, and 5 need to be responded to by HITT Contracting, Inc. As far as item #4 is concerned, the unit price for the removal of contaminated soil was provided at the time of the bid and was based on the information provided to us in the contract documents. Therefore, TAC had no knowledge of the security inspection station being offsite and we are due additional compensation for the same. Should you have any questions or require any further clarification, please do not hesitate to call.

Sincerely,

Jason S. Brown
Division Manager
The Anderson Company, L.L.C.

Cc: File

RECEIVED
OCT 16 2004
HITT CONTRACTING INC

PHONE:(703) 393-4000
FAX: (703) 393-4010

174

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 003

02/09/2005 14:25 FAX 004
01/17/2005 14:42 FAX 703 846 9110 HITT CONTRACTING INC. 001/002
01/14/2005 06:59 7033934980 THE ANDERSON COMPANY PAGE 02/03
01/13/2005 07:42 FAX 703 846 9110 HITT CONTRACTING INC. 002/002

HITT

## SUBCONTRACTOR'S PARTIAL AFFIDAVIT AND WAIVER

IN CONSIDERATION of this payment of $ 30,492.00, and total payments to date of $ 3,394,483.00, (inclusive of this payment), and other good and valuable consideration, the undersigned makes this oath, representation and warranty that it has fully paid all of its costs of labor, materials or subcontractors for all work performed on AOC – West Refrigeration Expansion Plant, 25 E Street, Washington, D.C.; Hitt Job # 21-0745, the project, for the period of time represented by the above payment.

In addition, for the same consideration, the undersigned hereby waives and releases any and all liens, claims, rights to claim liens or actions on performance or payment bonds against HITT Contracting Inc., the project, the owner, or any surety. See Attached Amendment

This Affidavit and Waiver is given to HITT Contracting Inc. For the benefit and reliance of HITT Contracting Inc., the owner, lender, title insurance company and surety and any other party advancing or transmitting funds for construction.

Date: 1/13/05

Company: The Anderson Company
Signature: [signature]
Print Name: Stuart Hinchcliff
Title: Executive Vice President

STATE OF Virginia
COUNTY OF Prince William to-wit:

Sworn to and subscribed before me, the undersigned Notary Public this 13 day of January, ~~2004~~ 2005

Notary Public [signature] Rebecca C. Scott
My commission expires: 10/31/08

Rev 1-03

2704 Dorr Avenue • Fairfax, Virginia 22031-4901 • 703 846 9000 • Fax: 703 846 9110 • www.hitt-gc.com
Since 1937

APR 21 1996 21:30 7033934980 PAGE.02

175

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS

02/09/2005 14:25 FAX
01/17/2006 14:43 FAX 703 846 9110 HITT CONTRACTING INC. 005
01/14/2005 06:59 7033934980 THE ANDERSON COMPANY 002/002
PAGE 03/03

## AMENDMENT TO LIEN RELEASE & WAIVER

The enclosed Waiver & Release of Liens is solely for the particular sum of dollars stated and is not inclusive of outstanding issues, claims, proposed change orders or additional ticket work, that is yet to be billed or paid, that has been performed within said period.

Outstanding PCO's

| | |
|---|---|
| Demo Coil Tripper | |
| Demo Additional Concrete | $46,460.00 |
| Place Stone Inside Building | $ 1,875.00 |
| Set Cross Bracing | $ 8,690.00 |
| Snow Removal | $ 1,650.00 |
| Downtime Shoring Failure | $ 8,651.00 |
| Electric Duct Bank Delay | $ 4,830.00 |
| Contaminated Soil Over 12,000 Tons | |
| Truck Inspection Claim | $350,000.00 |

APR 21 1996 21:30 7033934980 PAGE.03

176

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 005

02/09/2005 14:25 FAX 7033934980 THE ANDERSON COMPANY ☑006
PAGE 02/11

# PURCHASE ORDER

PAGE 1 OF ______

The Anderson Company, L.L.C.

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13627

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

O: K. Dockett

DATE May 3, 2004
SHIP VIA
JOB NO.
DELIVERY DATE
TERMS
F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck(s) | | | |
| | | $58.00 | HR | |
| | May 3, 2004 to December 17, 2004 | | | |

CTIONS:
ute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
ler all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

owledge receipt of, and hereby
ie Anderson Company, L.L.C.'s order:

K. Dockett
Pres
5/3/2004

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett
Title: Logistics Manager
Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

177

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 006

# PURCHASE ORDER

PAGE 1 OF ______

## The Anderson Company, L.L.C.

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13623

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

Trammel

DATE May 3, 2004

SHIP VIA

JOB NO.

DELIVERY DATE

TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS.

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck | $54.00 | HR | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | May 3, 2004 to December 17, 2004 | | | |

UCTIONS:
ecute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
nder all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

nowledge receipt of, and hereby
The Anderson Company, L.L.C.'s order:

Trammel & Sons Inc.

r Charles H Trammel Jr.

Owner

3-26-04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett

Title: Logistics Manager

Date: ____________

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

178

02/09/2005 14:26 FAX ☑008
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY PAGE 05/11

# PURCHASE ORDER

PAGE 1 OF ____

The Anderson Company, L.L.C.
9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13622

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

Stephen

DATE May 3, 2004

SHIP VIA

JOB NO.

DELIVERY DATE

TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck | $54.00 | Hr | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | May 3, 2004 to December 17, 2004 | | | |

TIONS:
e BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
r all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

dge receipt of, and hereby
derson Company, L.L.C.'s order:

onald A. Stephens
Stephens Trucking
4/3/04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett

Title: Logistics Manager

Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

179

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 008

02/09/2005 14:26 FAX
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY 009
PAGE 05/11

# PURCHASE ORDER

PAGE 1 OF ______

## The Anderson Company, L.L.C.

No 13620

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

Rafael Rameriz

DATE May 3, 2004
SHIP VIA
JOB NO.
DELIVERY DATE
TERMS
F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck(s) | $54.00 | Hr. | |
| | May 3, 2004 to December 17, 2004 | | | |

TIONS:
te BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
r all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

wledge receipt of, and hereby
e Anderson Company, L.L.C.'s order:

[signature]

7/2
...7-04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett
Title: Logistics Manager
Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

180

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 009

02/09/2005 14:26 FAX ☑010
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY PAGE 07/11

# PURCHASE ORDER

PAGE 1 OF ______

## The Anderson Company, L.L.C.

№ 13617

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

To:
Oscar A. A. TRUCKING INC.

DATE May 3, 2004
SHIP VIA
JOB NO.
DELIVERY DATE
TERMS
F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck (s) | | | |
| | | $54.00 | Hr | |
| | May 3, 2004 to December 17, 2004 | | | |

[INSTRUC]TIONS:
[Comple]te BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
[Rende]r all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

[We ackno]wledge receipt of, and hereby [accept The] Anderson Company, L.L.C.'s order

[signature]

[A]zhar Abbaszadeh
[O]wner / President
[..]-04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett
Title: Logistics Manager
Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

181

Received Feb-09-2005 02:22pm From- To-ARC GENERAL COUNSEL

02/09/2005 14:26 FAX
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY ☑011
PAGE 08/11

# PURCHASE ORDER

PAGE 1 OF ______

## The Anderson Company, L.L.C.

№ 13616

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

Denise Meece

DATE 3 May 2004

SHIP VIA

JOB NO.

DELIVERY DATE

TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck | $54.00 | Hr | |
| | May 3, 2004 to December 17, 2004 | | | |

CTIONS:
ute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
ler all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

owledge receipt of, and hereby
e Anderson Company, L.L.C.'s order:

[signatures]
3 May 04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett

Title: Logistics Manager

Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

182

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 011

02/09/2005 14:27 FAX 012
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY PAGE 09/11

# PURCHASE ORDER

PAGE 1 OF ______

## The Anderson Company, L.L.C.

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13615

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

TO: Rick Meece

DATE May 3, 2004

SHIP VIA

JOB NO.

DELIVERY DATE

TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck | $54.00 | Hr | |
| | May 3, 2004 to December 17, 2004 | | | |

CTIONS:
cute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
der all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

owledge receipt of, and hereby
he Anderson Company, L.L.C.'s order.

[illegible signature]

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett

Title: Logistics Manager

Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

183

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 012

02/09/2005 14:27 FAX ☒013
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY PAGE 10/11

# PURCHASE ORDER

PAGE 1 OF ____

## The Anderson Company, L.L.C.

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13614

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

TO: M. Houtz

DATE May 3, 2004

SHIP VIA

JOB NO.

DELIVERY DATE

TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck | $54.00 | Hr | |
| | May 3, 2004 to December 2004 | | | |

RUCTIONS:
xecute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
ender all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

knowledge receipt of, and hereby
The Anderson Company, L.L.C.'s order:

er: [signature]

0 0

5/12/04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Timmie Shiflett

Title: Logistics Manager

Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

184

Received Feb-09-2005 02:22pm From- To-ADC GENERAL COUNSEL P

# PURCHASE ORDER

PAGE 1 OF ______

The Anderson Company, L.L.C.

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13613

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

Alex Johnson

DATE May 3, 2004 SHIP VIA
JOB NO.
DELIVERY DATE TERMS
F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck(s) | $54.00 | Hr | |
| | May 3, 2004 to December 17, 2004 | | | |

UCTIONS:
ecute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
nder all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

nowledge receipt of, and hereby
The Anderson Company, L.L.C.'s order:

[signature]
5-20-04

This order is hereby approved:

The Anderson Company, L.L.C.

By: Jimmie Shiflett
Title: Logistics Manager
Date: ______

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

185

02/09/2005 14:27 FAX
01/31/2005 09:11 7033934980 THE ANDERSON COMPANY PAGE 03/11

# PURCHASE ORDER

PAGE 1 OF ______

**The Anderson Company, L.L.C.**

9469 Hawkins Drive • Manassas, Virginia 20109
703-393-4000 • Fax: 703-393-4010

№ 13586

PURCHASE ORDER NO. AND JOB NO. MUST APPEAR ON ALL INVOICES, DELIVERY TICKETS, BILLS OF LADING.

TO: Reece Services, Inc.

DATE May 1, 2004 SHIP VIA

JOB NO.

DELIVERY DATE TERMS

F.O.B.

FURNISH MATERIAL AND/OR SERVICES LISTED BELOW SUBJECT TO TERMS AND CONDITIONS

| QUANTITY | DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|
| | dump truck(s) | $58.00 | | |
| | Demo/trailer(s) | $70.00 | | |
| | 5 axles | $60.00 | | |

JCTIONS:
cute BUYER'S COPY hereof and return to The Anderson Company, L.L.C. No other form of acceptance is binding on The Anderson Company, L.L.C.
ider all invoices in duplicate to The Anderson Company.

Acceptance of this order includes acceptance of the terms and conditions on reverse side.

nowledge receipt of, and hereby
he Anderson Company, L.L.C.'s order:
Reece Services
[signature]
President
May 1/04

This order is hereby approved:

The Anderson Company, L.L.C.

By: [signature]

Title:

Date:

RENDER INVOICE IN 2 COPIES ON DAY OF SHIPMENT

186

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 015

02/09/2005 14:28 FAX 016

THE ARCHITECT OF THE CAPITOL
1793

September 24, 2004

Washington, DC 20515

Jerry Brandmueller
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

CONTRACT: West Refrigeration Plant Expansion; AOC Contract No. 0300012

SUBJECT: Request for Contracting Officer's Final Decision

REFERENCE: Hitt Letter Dated September 22, 2004; Off-Site Security Inspection Claim

Dear Mr. Brandmueller:

A preliminary review of the above referenced letter regarding a Contracting Officer's Final Decision on Off-Site Security, indicates the following:

1. By the contract, under specification 01000-10 para. 1.4. F, the Code of Federal Regulations is to be complied with in its entirety.

2. The AOC's contract is with Hitt Contracting, Inc.; therefore, we do not acknowledge The Anderson Company's certification as compliance with the CFR requirements regarding a certified claim.

3. The AOC has not received purchase orders for truck rentals as requested in our May 25, 2004 letter to Hitt Contracting, Inc.

4. The trucking logs indicate activities associated with contaminated soil removal. The removal of contaminated soil is accounted for in Modification No. 10 of the contract. Modification No.10 was a bilateral agreement, which included total direct and indirect costs for trucking operations.

5. The AOC has not received evidence that payment has been made to The Anderson Company, particularly for contaminated soil removal. The evidence of payment was requested in the AOC response dated May 25, 2004.

HITT
6 - 10 (TRUCK SECURITY)

187

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 016

Based on the above aforementioned, the Contracting Officer's Final Decision review will not commence until the requested documentation is received.

Thank you for your attention to this request for supplemental information and the compliance with the requirements for a claim against the Government.

Sincerely,

Michael J. Keegan
Contracting Officer's Representative
West Refrigeration Plant Expansion Project
Architect of the Capitol

Cc: File

02/09/2005 14:28 FAX 018

United States Capitol Power Plant
West Refrigeration Plant Expansion Project
202.226.9898 phone
202.225.7308 fax



# Transmittal

**To:** Jerry Brandmueller **From:** Michael J. Keegan

**Attn:**

**Date:** May 25, 2004

**Re:** Off Site Security Claim **CC:**

☐ For Use ☐ For Review ☐ For Approval ☐ Please Comment ☐ For Information

189

Received Feb-09-2005 02:22pm From- To-AOC GENERAL COUNSELS Page 018

THE ARCHITECT OF THE CAPITOL
1793

Washington, DC 20515

May 25, 2004

Mr. Jerry Brandmueller
Senior Project Manager
HITT Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

CONTRACT: West Refrigeration Plant Expansion;
AOC Contract No. 0300012

SUBJECT: Request for Equitable Adjustment and
Request for Contracting Officer's Final Decision

REFERENCE: Hitt Letter Dated April 29, 2004;
Off-Site Security Inspection Claim

This Office is in receipt of a request dated April 29, 2004 from Hitt Contracting, Inc. ("Hitt"), for a Contracting Officer's Final Decision on the issue of Hitt receiving additional funds from the Architect of the Capitol ("AOC") for "off-site" truck security inspections. For the reasons detailed below, I ask Hitt:

1. To put the letter dated April 29, 2004 into the form of a certified claim against AOC; and

2. To provide facts and documentation supporting the certified claim.

I also ask Hitt to respond within its claim, or within its supporting materials, to the questions herein. We need this information to quantify and to evaluate Hitt's claim fairly.

First of all, a true claim needs to be for a fixed and finite dollar amount, not for an indefinite "expected to exceed $350,000." Hitt's Letter of Apr. 29, p. 1, par. 3, sent. 1. See FAR § 33.201, 48 C.F.R. 33.201 on "accrual of a claim." Hitt may assert that its claim through a certain date is for a certain amount of money, for example, reserving rights after that date. A claim may not cover possible additional costs which may never actually occur. Also, AOC may not consider a claim from Anderson directly, since AOC has no contract with Anderson.

Second, a true claim of this magnitude (six figures of dollars) ought to be "certified." "Certified" means that Hitt must adopt Anderson's monetary request as a Hitt claim in accordance with the certification language of FAR § 33.207(c):

> "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor."

After that certification language must come the signature of an official authorized to bind Hitt.

Third, we need quantitative and detailed supporting information on how Hitt computes its dollar claim. For example:

1. Where does the "446 hours" of truck time come from? [Apr. 29 letter, Ex. B, p. 2, 2nd full par.] Please provide a contemporaneous log of which trucks were delayed for how many minutes at which times on which days.

2. What documentation and records support the "446 hours" and "$28,9900?" In fact, where do each of the dollar amounts in Exhibit B specifically come from?

3. What is the origin of the "minimum of thirty minutes of [additional] truck time" come from? Who made this estimate, and based on what? Ex. B, p. 2, 1st full par., 2nd sent.

4. Please detail how AOC's having the truck inspection site only a few blocks from the West Refrigeration Plant site cost Hitt more than occasional and incidental inconvenience. Please explain with specificity how it is "readily apparent that conduct[ing] inspections [a few blocks] away from the [WRP] site are a [compensible] change to [Hitt's] contract," [Ex. B, p. 2, last par., 1st sent.], in view of the fact that Hitt has known about AOC's dump truck security screening procedures and AOC's sole dump-truck inspection location as a result of other recent Hitt contracts with AOC.

5. Please provide a copy of the "map and directions" (Ex. B, p. 2, 2nd full par., 2nd sent.) which prove that AOC's truck screening requires 30 minutes more truck time per truck than Hitt was obligated to provide under the subject contract. Include any time analysis.

6. Please identify with specificity persons and incidents and timing relating to a "government representative admit[ting] that they were not certain where the inspections would actually be performed" [Ex. B, p. 2, last par., last 2 lines], and explain why that creates a legal basis for Hitt recovering additional money from AOC (under the written contract).

7. Please provide an accurate and complete photocopy of each Hitt sub-contract and each sub-sub-contract related to the instant "claim."

8. Please detail how Hitt's costs related to AOC's truck security inspections were any greater than Hitt bargained for when Hitt bid on the subject contract with AOC. If the Hitt "claim" depends in any way on truck-driver hourly wages, overtime hours, truck rental rates, or gasoline prices, then please provide detailed information on the same, sufficient for this Office to review the validity of such figures.

9. On precisely which Hitt truck contract(s) has Hitt already paid the requested additional money?

10. Please identify where in Hitt's trucking contract(s) Hitt has been required to pay any money for the subject "additional" costs (as of the date of Hitt's revised claim to AOC).

11. How much "additional" money has Hitt paid out on the subject (truck inspection) claim(s) so far, in what amounts, to whom, and on what dates? Please provide a log of such payments.

This Office respects the terms of its contract with Hitt, but it has a fiduciary duty to gather all information relevant to the instant "claim," prior to evaluating the "claim" for payment. Therefore, I respectfully request records, documents and other basis from Hitt to support Hitt's certified claim. Please advise me in writing within fourteen calendar days of your receipt of this letter whether Hitt intends to leave Hitt's April 29 letter (with attachments) as Hitt's "claim," or whether Hitt intends to restate its April 29 letter in the form of a certified claim, with supporting facts and records. Although the Statute of Limitations on a claim is lengthy, we would appreciate bringing this disputed matter to closure within the near future.

As a result, absent any communication from Hitt within fourteen days:

(i) that Hitt will not supplement its April 29, 2004 letter (as a claim), or

(ii) that Hitt's certified and substantiated claim is forthcoming to this Office,

I will presume that Hitt does not want to pursue an official claim on this matter. However, in either event (i or ii), this Office will fairly evaluate Hitt's claim based on the facts, records and legal arguments within the "claim," and will render a Contracting Officer's Final Decision within approximately sixty days after receipt thereof.

Thank you for your attention to this request for supplemental information and for compliance with the requirements for a claim against the government. On business and Contracting Office issues, this Office will continue to be Hitt's point of contact. If Hitt is represented by an attorney on this matter, Hitt's point of contact at AOC is William Dolan, available at 202-225-9697.

Sincerely,

Michael J. Keegan
Contracting Officer's Representative
Director - Utilities and Power

HITT

March 7, 2005

Michael J. Keegan
Contracting Officer's Representative
Architect of the Capitol
Capitol Power Plant
New Jersey & E Streets, SE
Washington, DC 20003

RE: **West Refrigeration Plan Expansion**
**AOC Contract No. 0300012**

**Updated Truck Inspection Quantities**
**Regarding Off-Site Inspection Claim**

Dear Mr. Keegan:

Please see the attached updated truck inspection claim for costs incurred to The Anderson Company through December 2004. This update is being issued as supplemental information regarding our current Request for a Contracting Officer's Final Decision regarding this matter. Please contact me if you have any questions regarding the attached.

Very truly yours,

Jerry Brandmueller

cc: Alan Hantman – Via Fax

03/07/2005 14:03 FAX 2025549134 HITT-AOC-WEST HEP...

THE ANDERSON COMPANY, L.L.C.
9469 HAWKINS DRIVE
MANASSAS, VIRGINIA 20109

16 February 2005

Mr. Jerry Brandmueller
Hitt Contracting, Inc.
2704 Dorr Avenue
Fairfax, VA 22031

Re: West Refrigeration Plant Expansion TAC Job # A2315
Subject: Updated Truck Inspections Claim

Dear Jerry,

The Anderson Company, LLC is pleased to provide our updated truck inspections claim to Hitt Contracting for The West Refrigeration Plant Expansion Project. Per our last update which covered all loads of material and equipment through the end of April, 2004, the cost of the claim was $188,722.50. Per the attached spread sheet, the additional cost incurred between June 2004 and December 2004 is $54,534.00. This brings the total claim amount through the end of 2004 to $243,256.50. Should you have any questions or require any further clarification, please do not hesitate to call.

Very Truly Yours,

Jason Brown
PM Division Manager

02-21-05A08:19 RCVD

JB AP BU DH
SS RI DV KG
JF AA MM TM FILE

JB/amg

RECEIVED
FEB 18 2005
HITT CONTRACTING INC

Cc: File

Fax To Mark D

PHONE:(703) 393-4000
FAX: (703) 393-4010

194

# WEST REFRIGERATION PLANT
## TAC JOB # 2315
## MONTHLY BREAKDOWN OF LOADS TO & FROM PROJECT

| MONTH | DESCRIPTION | LOADS | IMPACT | ADDITIONAL TIME | UNIT | RATE | TOTAL |
|---|---|---|---|---|---|---|---|
| 6/1/2004 | TOTAL LOADS TO AND FROM SITE IN JUNE 2004 | | | | | | |
| | BORROW LOADS (DUMP TRUCKS) | 116 | 30 MINUTES | 58 | HRS | $65.00 | $3,770.00 |
| | | | | | SUBTOTAL = | | $3,770.00 |
| 7/1/2004 | TOTAL LOADS TO AND FROM SITE IN JULY 2004 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 135 | 30 MINUTES | 87.5 | HRS | $65.00 | $5,737.50 |
| | BORROW LOADS (DUMP TRUCKS) | 158 | 30 MINUTES | 79 | HRS | $99.00 | $6,784.00 |
| | | | | | SUBTOTAL = | | $12,531.50 |
| 8/1/2004 | TOTAL LOADS TO AND FROM SITE IN AUGUST 2004 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 55 | 30 MINUTES | 27.5 | HRS | $65.00 | $1,787.50 |
| | BORROW LOADS (DUMP TRUCKS) | 288 | 30 MINUTES | 144 | HRS | $65.00 | $9,360.00 |
| | | | | | SUBTOTAL = | | $11,147.50 |
| 9/1/2004 | TOTAL LOADS TO AND FROM SITE IN SEPTEMBER 2004 | | | | | | |
| | BORROW LOADS (DUMP TRUCKS) | 14 | 30 MINUTES | 7 | HRS | $65.00 | $455.00 |
| | | | | | SUBTOTAL = | | $455.00 |
| 10/1/2004 | TOTAL LOADS TO AND FROM SITE IN OCTOBER 2004 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 18 | 30 MINUTES | 9 | HRS | $65.00 | $585.00 |
| | BORROW LOADS (DUMP TRUCKS) | 253 | 30 MINUTES | 126.5 | HRS | $65.00 | $8,222.50 |
| | | | | | SUBTOTAL = | | $8,807.50 |
| 11/1/2004 | TOTAL LOADS TO AND FROM SITE IN NOVEMBER 2004 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 10 | 30 MINUTES | 5 | HRS | $65.00 | $325.00 |
| | BORROW LOADS (DUMP TRUCKS) | 195 | 30 MINUTES | 97.5 | HRS | $65.00 | $6,337.50 |
| | | | | | SUBTOTAL = | | $6,662.50 |
| 12/1/2004 | TOTAL LOADS TO AND FROM SITE IN DECEMBER 2004 | | | | | | |
| | REGULAR DEMOLITION LOADS (DUMP TRUCKS) | 72 | 30 MINUTES | 36 | HRS | $85.00 | $3,060.00 |
| | | | | | SUBTOTAL = | | $3,060.00 |
| | SERVICE TRUCK FOR FUEL & SERVICE | | | | | | |
| | PROJECT HAS WORKED 89 DAYS FROM MAY 2004 TO DECEMBER 2004 | 89 | 30 MINUTES | 44.5 | HRS | $100.00 | $4,450.00 |
| | | | | | SUBTOTAL = | | $4,450.00 |
| | EQUIPMENT MOVES | | | | | | |
| | THERE HAVE BEEN 73 EQUIPMENT MOVES FROM MAY 2004 TO DECEMBER 2004 | 73 | 30 MINUTES | 36.5 | HRS | $100.00 | $3,650.00 |
| | | | | | SUBTOTAL = | | $3,650.00 |
| | | | | | TOTAL = | | $54,534.00 |

195